NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1883.

## MURPHY v. MARCELLUS.

*In the matter of the estate of* MARY E. DEAN, *deceased.*

Testatrix, by her will, bequeathed to M. a certain bond and mortgage for
$2,000. She also bequeathed general pecuniary legacies, and specific
legacies of unproductive articles. A subsequent clause read: "The
several legacies hereinbefore provided for I direct my executors to pay
at the expiration of one year from the probate of my will, *and without
interest.*"—

*Held,* that M. was entitled to the interest accrued upon his bond and mort-
gage, not *eo nomine,* but as the increase of a productive specific legacy,
severed from the rest of testatrix's property.

CONSTRUCTION of decedent's will, upon the judicial set-
tlement of the account of J. L. Marcellus, executor
thereof, so far as related to a legacy to William Murphy.
The facts appear sufficiently in the opinion.

CHARLES BRADSHAW, *for executor.*

P. L. McCLELLAN, *for legatee.*

THE SURROGATE.—By the will of this decedent, William
Murphy is the legatee of a certain bond and mortgage of
$2,000, which the executor is directed to assign to him
upon the settlement of the estate. This being a specific
legacy, severed from the rest of the testatrix's property,
its increase and emoluments must be held to belong to
the legatee, unless such a disposition thereof is inconsist-
ent with some express direction of the testatrix (Shouler's

Ex. and Admin., § 480; Loring v. Woodward, *41 N. H., 391;* Beal v. Crafton, *5 Geo., 301;* Isenhart v. Brown, *2 Edw. Ch., 341;* Barrington v. Tristram, *6 Ves., 345;* Clive v. Clive, *Kay, 606;* Cogswell v. Cogswell, *2 Edw. Ch., 231;* Raven v. Waite, *1 Swans., 557).*

It is contended that such inconsistency is indicated in the twenty-first clause of the will. " The several legacies," says that clause, " hereinbefore provided for I direct my executors to pay at the expiration of one year from the probate of my will, and *without interest.*"

The testatrix had, in several preceding clauses, bequeathed general legacies of certain specified sums of money. She had, also, bequeathed specific legacies of divers articles, such as her watch, clothing, furniture, etc., which, in the nature of things, would have no accretion of interest or income, and she had given this legacy of a bond and mortgage, which was productive in its character.

I think it was her intention, in the twenty-first clause of her will, to direct that interest, *eo nomine,* should be allowed upon no one of these legacies, whether the same bequeathed a specific sum of money or an article of furniture, or of clothing, or this bond and mortgage. The restriction did not, however, forbid the application of the rule of law above cited, as applicable to specific productive legacies. Indeed, as I interpret the clause in question, it gives the very same direction with reference to allowance of interest as the law would have given, if the testatrix had been silent on the subject.